IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: : | CHAPTER 11 |
| : | |
| DOMUS BWW FUNDING, LLC and : | Bky. No. 22-11162(ELF) |
| 1801 ADMIN, LLC : | |
| : | JOINTLY ADMINISTERED |
| Debtors : | |
| : | |

**MOTION OF 1801 ADMIN, LLC FOR ENTRY OF AN ORDER (I) STRIKING AND DISALLOWING WITH PREJUDICE PROOF OF CLAIM NO. 6 FILED BY 47 EAST 34TH STREET (NY), L.P. IN THE 1801 DEBTOR'S BANKRUPTCY CASE; (II) AWARDING MONETARY SANCTIONS AND (III) GRANTING THE REQUEST FOR AN EXPEDITED HEARING WITH REDUCED NOTICE PERIOD AND LIMITED NOTICE**

1801 Admin, LLC (the "1801 Debtor"), by and through its counsel, Karalis PC, hereby moves this Court for entry of an Order (i) striking and disallowing with prejudice proof of claim no. 6 filed by 47 East 34th Street (NY), L.P. ("47 East") in the 1801 Debtor's Bankruptcy Case; (ii) awarding monetary sanctions and (iii) granting the request for an expedited hearing with reduced notice period and limited notice (the "Motion"). In support of this Motion, the 1801 Debtor respectfully avers as follows:

**PRELIMINARY STATEMENT**

1. 47 East has filed a false and misleading notice in an attempt to circumvent this Court's 2/17/23 Order (as defined below)

2. This Court ordered that the 47 East Proof of Claim be struck absent a notice to be filed on or before February 23, 2023 that 47 East had withdrawn the 47 East Application to Strike the 1801 Debtor Brief (as defined below).

3. 47 East filed the Notice (as defined below) alleging that the requirements of this Court's 2/17/23 Order have been met when it knows full well that the 47 East Application to Strike

the 1801 Debtor Brief remains pending before the Supreme Court of the State of New York, Appellate Division: First Judicial Department (the "First Department") and has not been withdrawn.

4. 47 East is pretending to this Court that the denial of an entirely different pair of motions satisfies its obligation to withdraw the 47 East Application to Strike the 1801 Debtor Brief.

5. As this Court heard at the hearings held on February 17, 2023, 47 East has been playing fast and loose with this Court.

6. 47 East alleges in the 47 East Application to Strike the Appellants' Briefs (the "47 East Application to Strike the 1801 Debtor Brief") that the 1801 Debtor is a shell entity rather than the same entity formerly known as Versa Capital Management, LLC.

7. This position is contrary to 47 East's own position in this case as 47 East (i) filed a proof of claim "to recover ... amounts owed to 47 East by 1801 Admin, LLC (*fka* Versa Capital Management, LLC) ..." in the 1801 Debtor's case predicated on the NY trial court's opinion and judgment against 1801 Admin, LLC when it was known as Versa Capital Management LLC; (ii) objected to various matters in that case on the same premise and (iii) pursued an order for a 2004 exam of the 1801 Debtor and non-debtor parties doing business with it on the same premise.

8. As a result, this Court entered an Order on February 17, 2023 (the "2/17/23 Order") granting, *inter alia*, certain equitable relief to the 1801 Debtor. The 2/17/23 Order is attached hereto as Exhibit "1" and made a part hereof.

9. The 2/17/23 Order stated, *inter alia*, as follows:

> 11. The Debtors' request for further equitable relief, (see Debtor's Motion ¶ 64) is **GRANTED** as follows:
>
> a. **On or before February 23, 2023**, 47 East may file a notice in this court, advising the court and interested parties that it has

2

                  withdrawn its request that 1801 Admin's appellate brief in New York be stricken because Versa and 1801 Admin are not the same entity and, therefore, 1801 Admin lacks standing to take the appeal.

        b.        If the notice described in Paragraph 11.a. above is not timely filed, by separate order, this court will **STRIKE AND DISALLOW** the proof of claim 47 East has filed in the 1801 bankruptcy case based upon the application of judicial estoppel.

*See*, Exhibit "1".

11.       Yesterday, 47 East filed the Notice alleging that the First Department has denied the 47 East Application to Strike the 1801 Debtor Brief, wherein it requests that 1801 Admin's appellate brief in the First Department be stricken because Versa Capital Management LLC and the 1801 Debtor are not the same entity and, therefore, the 1801 Debtor lacks standing to take the appeal. This assertion is incorrect and misleading.

11.       Based on this erroneous claim 47 East goes on to assert that "47 East believes that no further action in the First Department is required for 47 East to be in compliance with the Bankruptcy Court Order [2/17/23 Order] and to preserve 47 East's proof of claim filed in the 1801 Admin, LLC bankruptcy case."

12.       The order 47 East attaches to the Notice patently references two entirely different motions that happen to be before the First Department in the appeal but are not the 47 East Application to Strike the 1801 Debtor Brief. The Notice and the assertion that its obligations under this Court's 2/17/23 Order are met reflect a deliberate effort to mislead the Court and permit 47 East to continue to prosecute its claim against the 1801 Debtor in this court and silence the 1801 Debtor appeal by arguing in the First Department that the 1801 Debtor lacks standing.

## JURISDICTION AND VENUE

13. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(a) and (b).

14. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

15. The predicates for the relief requested herein are Section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, as amended (the "Bankruptcy Code") and this Court's inherent power.

## BACKGROUND

**A.     Procedural Background.**

16. On May 3, 2022 (the "Petition Date"), the 1801 Debtor and Domus BWW Funding, LLC (the "Domus Debtor", and together with the 1801 Debtor, the "Debtors") filed voluntary petitions for relief pursuant to Chapter 11 the Bankruptcy Code.

17. Since the Petition Date, the Debtors have remained in possession of their assets and continued management of their businesses as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

18. A description of the Debtors' businesses and the facts precipitating the filing of their Chapter 11 proceedings is set forth in the Declaration of Paul Halpern in Support of First Day Motions (the "Halpern Declaration"). Those facts, to the extent relevant, are incorporated herein by reference.

19. The Debtors commenced their Chapter 11 cases in order to reorganize their affairs in accordance with the provisions of the Bankruptcy Code.

4

B.  **The 47 East Motion for a Bankruptcy Rule 2004 Examination and the Debtors' Motion to Clarify Stay Relief Order.**

20.  On January 18, 2023, 47 East filed the Motion of 47 East 34th Street (NY), L.P. for Entry of an Order authorizing Bankruptcy Rule 2004 Examinations of the Debtors and Certain Non-Debtor Parties (the "Rule 2004 Motion") [D.I. 241].

21.  On February 1, 2023, the Debtors filed an Objection to the Rule 2004 Motion [D.I. 251].

22.  On February 13, 2023, the Debtors filed a Motion for Entry of an Order (I) Clarifying Court Order Modifying Automatic Stay dated July 15, 2022 [D.I. 135] and (II) Granting Related Relief (the "Clarification Motion", and together with the Rule 2004 Motion, the "Prior Motions") [D.I. 257].

23.  On February 16, 2023, 47 East filed an Objection to the Clarification Motion [D.I. 263].

24.  As set forth in the Clarification Motion:

On August 4, 2022, 47 East filed Proof of Claim No. 6 in the 1801 Debtor's bankruptcy proceeding asserting a general unsecured claim in the amount of $14,570,142.96 based upon the ruling it obtained against Versa Capital Management, LLC.  Obviously, if 1801 Admin LLC and Versa Capital Management, LLC were different entities, it would make no sense to assert a claim against 1801 Admin LLC based upon a ruling against Versa Capital Management, LLC.

In 47 East's recently filed motion for a Bankruptcy Rule 2004 examination of the Debtors, 47 East did not request documents relating to the name change or relating to any allegation that 1801 is a "sham" entity substituted in place of Versa Capital Management, LLC. Rather it justifies its standing to make the motion as a creditor pursuant to the ruling obtained against Versa Capital Management, LLC.

Notwithstanding its proof of claim and other statements acknowledging the name change in this action, 47 East continues to take the disingenuous position that 1801 Admin LLC and Versa Capital Management, LLC are separate entities in the NY

Appeal Court while accepting the name change for purposes of these bankruptcy proceedings.

25. On February 17, 2023, hearings were held on the Prior Motions. The transcript from the hearings on the Prior Motions is attached hereto as Exhibit "2" and made a part hereof.

26. In light of the inconsistent and contrary positions taken by 47 East in the New York appellant court and this Court, this Court stated as follows at the hearings on the Prior Motions:

> THE COURT: Well, let me ask you this then. What's good for the goose is good for the gander. Shouldn't I strike your proof of claim for 1801 if you want to take that logic?
>
> MR. LEDWIDGE: Well, Your Honor, the --
>
> THE COURT: Look, in terms of what's before me, I do have a concern about taking inconsistent positions. If you're going to say 1801 is not an entity that can challenge the judgment on which you base your proof of claim, then maybe I strike your proof of claim.
>
> MR. LEDWIDGE: Well, this is --
>
> THE COURT: No, you're saying they're playing games. Doesn't it -- it looks to me like you're doing the same. Maybe both sides are playing games. I'm not going to necessarily blame one side more than the other. But you have to answer that question for me. If you're going to take the position in State Court that the entity on which you base your proof of claim is not entitled to appeal from the judgment, which is the basis for the proof of claim, then you don't have a proof of claim.
>
> MR. LEDWIDGE: Well, Your Honor, I -- the reason for the so-called games may be that this factual issue has not been --
>
> THE COURT: I don't care about the -- answer my question. Why are you entitled to file a proof of claim if you're going to take the position in another Court that the entity appealing the judgment is not the entity liable on the judgment and therefore it doesn't have standing on the appeal?
>
> MR. LEDWIDGE: Well, if Your Honor is inclined to review that issue, then we would request that there is discovery and opportunity to really understand –
>
> THE COURT: No, no, no. I know what you did in State Court. You're taking the position that it's not the same entity. You -- and you filed something here -- and I don't have the proof of claim open; I assume it's filed under oath -- that you have a claim against this entity based on that judgment. It's actually somewhat outrageous. It is. Now I told Mr. Karalis I don't have a lot of expectation that I should do much about what's happening in the State Court. And the fact that your collateral proceedings in which the

name change was denied is more of a reason why I would leave the issues to the State Court about striking the brief. But I can gum up the works here a little bit and I'm certainly willing to consider sua sponte today, striking your proof of claim against 1801.

*See*, Exhibit "2".

27. As set forth herein, this Court entered the 2/17/23 Order whereby 47 East's proof of claim filed in the 1801 Debtor's bankruptcy case would be stricken unless 47 East withdrew the 47 East Application to Strike the 1801 Debtor Brief by February 23, 2023 on the basis that the 1801 Debtor and Versa Capital Management, LLC are not the same entity. *See*, Exhibit "1".

C.  **The Notice filed by 47 East on February 21, 2023.**

28. On February 21, 2023, in alleged compliance with the terms of the 2/17/23 Order, 47 East filed the Notice of 47 East to the Court and Interested Parties in Accordance with Order dated February 17, 2023 (the "Notice"). The Notice is attached hereto as Exhibit "3" and made a part hereof.

29. In the Notice, 47 East asserts that the First Department denied the 47 East [Motion] Application to Strike the 1801 Debtor Brief in its entirety. As such, 47 East indicates that there is no reason for it to withdraw the 47 East Application to Strike the 1801 Debtor Brief and that its proof of claim should be preserved. *See*, Exhibit "3".

30. That being said, the Notice is an outright and blatant lie to this Court and all interested parties.

31. Quite simply, it is a fraud upon this Court.

32. At the most cursory review of the Order (the "First Department Order") attached to the Notice clearly reflects that the First Department only denied the Debtors' motion to enlarge the appellate record and 47 East's cross motion to strike the Debtors' motion to enlarge the appellate record. *See*, Exhibit "3".

7

33. The Declaration of David Daniels, Esquire (the "Daniels Declaration") is attached hereto as Exhibit "4" and made a part hereof. The Daniels Declaration provides a detailed review of the First Department Order, its context under New York appellate procedure and its impact on the 47 East Application to Strike the 1801 Debtor Brief making it crystal clear that:

a. The First Department Order does not decide the 47 East Application to Strike the 1801 Debtor Brief, which has not been withdrawn and remains pending;

b. The gravity, materiality and egregiousness of the misrepresentation requires rebuttal in specificity and detail to clarify that the Notice is not only false but obviously false to any responsible party involved in the litigation and deliberately misleading to the Court;

c. The 47 East Application to Strike the 1801 Debtor Brief remains pending and has not yet been fully briefed or presented to the First Department for a decision; and

d. As the Daniels Declaration describes, the First Department Order resolves a motion to enlarge the appellate record (motion #232) and a cross-motion to strike such motion to enlarge (motion #315). Neither the motion to enlarge the appellate record nor its associated cross-motion involves a request to strike the 1801 Debtor's appeal brief. That request was made by 47 East's separate motion #683. The Order does not mention motion #683 at all. It is instead clear from the Order and the First Department docket that motion #683 remains pending and has not even yet been submitted to the First Department for consideration. The Daniels Declaration further details facts showing that 47 East's is fully aware that the motions to enlarge the record and the cross-motion to strike such motion are different from the 47 East Application to Strike the 1801 Debtor Brief and that 47 East's Notice to this Court is therefore deliberately misleading.

**RELIEF REQUESTED AND THE BASIS THEREFOR**

34. The 1801 Debtor respectfully requests the entry of an Order (i) striking and disallowing the proof of claim filed by 47 East in its bankruptcy case; (ii) awarding monetary sanctions and (iii) granting the request for an expedited hearing with reduced notice period and limited notice.

35. In the Notice, 47 East is perpetuating a fraud on this Court and all interested parties.

36. This type of outrageous behavior cannot be tolerated.

**I. The Proof of Claim filed by 47 East in the 1801 Debtor's Bankruptcy Case Should be Stricken and Disallowed with Prejudice and Monetary Sanctions Should be Awarded against 47 East.**

37. In light of 47 East's abhorrent behavior, it should be sanctioned.

38. Not only should 47 East's proof of claim filed in the 1801 Debtor's bankruptcy case be stricken and disallowed with prejudice but also an award of monetary sanctions should be issued against 47 East for the 1801 Debtor's fees and costs incurred in responding to a fraudulent Notice and such other and further sanctions as this Court deems just and proper.

39. Section 105(a) of the Bankruptcy Code, 11 U.S.C. § 105(a), provides bankruptcy judges with broad power to implement the provisions of the Bankruptcy Code and to prevent abuse of the bankruptcy process. *See, In re Volpert,* 110 F.3d 494, 500 (7th Cir.1997); *Coquico, Inc.,* 508 B.R. 929, 940 (Bankr. E.D. Pa. 2014). Under Section 105(a), a Bankruptcy Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of Title 11. *See,* 11 U.S.C. § 105(a).

40. Section 105(a) also permits a Bankruptcy Court, *sua sponte*, to "tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *See,* 11 U.S.C. § 105(a). *See also, In re Miller,* 529 B.R.

73, 85 (Bankr. E.D. Pa. 2015). In addition, Section 105(a) may be used "'to protect the integrity of the Bankruptcy Code as well as the judicial process.'" *See, In re Arkansas Communities, Inc.*, 827 F.2d 1219, 1222 (8th Cir.1987) (*quoting In re Silver*, 46 B.R. 772, 774 (D. Colo. 1985)).

41. Section 105(a) also enables a Bankruptcy Court to maintain control of [its] courtroom and administration of the dockets in cases before the Court. *See, Volpert*, 110 F.3d at 501; *Miller*, 529 B.R. at 85.

42. In addition, the United States Supreme Court has long recognized the inherent power of a federal court to "assess attorney's fees when a party 'has acted in bad faith, vexatiously, wantonly, or for oppressive reasons'." *See, Chambers v. Nasco, Inc.*, 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (*quoting Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–59, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)).

43. "[I]f a court finds 'that fraud has been practiced upon it, or that the very temple of justice has been defiled,' it may assess attorney's fees against the responsible party." *See, Chambers*, 501 U.S. at 45–46, 111 S.Ct. 2123 (*quoting Universal Oil Products Co. v. Root Refining Co.*, 328 U.S. 575, 580, 66 S.Ct. 1176, 90 L.Ed. 1447 (1946)).

44. As with section 105(a), sanctions may be imposed under the court's inherent power despite the absence of a signed writing by the party to be sanctioned or compliance with the safe harbor provision of Rule 9011. *See, Fellheimer*, 57 F.3d at 1228; 730 F.3d 198, 206 (3d Cir. 2013). To impose sanctions under a Court's inherent power, a Court must find that the party against whom sanctions are to be imposed acted in bad faith. *See, Chambers*, 501 U.S. at 45–46, 111 S.Ct. 2123; *In re Prudential Ins. Co. America Sales Practice Litigation Agent Actions*, 278 F.3d 175, 181 (3d Cir.2002); *In re Theokary*, 468 B.R. 729, 748 (Bankr. E.D. Pa. 2012); *Miller*, 529 B.R. at 91.

45. Quite simply, in light of falsehoods set forth in the Notice, and the continued failure to withdraw the 47 East Application to Strike the 1801 Debtor Brief, 47 East's proof of claim should be stricken and disallowed with prejudice and it should be monetarily sanctioned.

**II.** **Request in the Alternative for Equitable Relief**

46. This Court should also exercise its inherent equitable powers to prevent 47 East from frustrating the 1801 Debtor's reorganization. The filing of the Notice with this Court which contains both false and misleading statements should not be sanctioned or permitted by this Court to stand. Left unchecked, 47 East will continue to interfere with the 1801 Debtor's ability to reorganize its affairs.

47. Accordingly, 47 East should not be permitted to benefit from making false and misleading statements to this Court for any reason, including to support the inconsistent positions that it has taken in this action and in the NY Appeal Court on the key question of the identity between the 1801 Debtor and Versa Capital Management, LLC.

**III.** **Request for Expedited Hearing with Reduced Notice Period and Limited Notice.**

48. The current deadline for the Debtors to respond to the 47 East Application to Strike the 1801 Debtor Brief is February 27, 2023. The original deadline was February 20, 2023 but an extension was granted.

49. As such, the **1801 Debtor respectfully requests that a hearing be scheduled on this Motion on an expedited basis so that it may be heard on or before February 24, 2023.**

50. The 1801 Debtor also requests that the notice period be reduced accordingly to allow the hearing to proceed on whatever date and time is scheduled by this Court. In addition, in light of the relief requested in the Motion, the 1801 Debtor requests that notice be limited to (i) the Office of the United States Trustee; (ii) counsel to 47 East and (iii) all parties who have timely

11

filed requests for notices pursuant to Fed. R. Bankr. P. 2002.

51. Pursuant to Local Rule of Bankruptcy Procedure 5070-1(g), counsel to the 1801 Debtor advised (i) the Office of the United States Trustee and (ii) counsel to 47 East of the 1801 Debtor's intention to file the instant Motion seeking an expedited hearing. Counsel to the United States Trustee had no objection to the request for an expedited hearing. Counsel for 47 East responded by asking about the substance of the Motion but did not indicate whether or not 47 East objected to the request for an expedited hearing.

52. Upon the entry of the Order granting the request for an expedited hearing with reduced notice period and limited notice (the "Expedited Order"), counsel to the Debtors is prepared to immediately serve this Motion (to the extent not already served), the Expedited Order and a Notice of the Motion in conformity with Local Bankruptcy Form 9014-3 upon (i) the Office of the United States Trustee; (ii) counsel to 47 East and (iii) all parties who have timely filed requests for notices pursuant to Fed. R. Bankr. P. 2002.

## CONCLUSION

53. For all of the reasons set forth herein, the Motion should be granted in its entirety. 47 East's falsehoods and bad faith tactics should be immediately stopped. The granting of this Motion will have that effect.

**WHEREFORE,** the 1801 Debtor respectfully requests that this Honorable Court enter an Order (i) granting the Motion; (ii) striking and disallowing with prejudice the 47 East POC filed in the 1801 Debtor's bankruptcy case; (iii) awarding monetary sanctions; (iv) granting the request for an expedited hearing with reduced notice period and limited notice and (v) granting such other and further relief as this Court may deem just and proper.

        **Respectfully submitted,**

        **KARALIS PC**

        By:    /s/ Aris J. Karalis
               ARIS J. KARALIS
               ROBERT W. SEITZER
               1900 Spruce Street
               Philadelphia, PA 19103
               (215) 546-4500
               akaralis@karalislaw.com
               rseitzer@karalislaw.com

        *Attorneys for the Debtors*

Dated: February 22, 2023