**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | **CHAPTER 11** |
| | |
| **DOMUS BWW FUNDING, LLC and** | **Bky. No. 22-11162(AMC)** |
| **1801 ADMIN, LLC** | |
| | **JOINTLY ADMINISTERED** |
| **Debtors** | |

**ORDER (I) CONFIRMING MODIFIED AMENDED JOINT PLAN OF**
**REORGANIZATION (WITH TECHNICAL MODIFICATIONS)**
**PROPOSED BY DOMUS BWW FUNDING, LLC**
**AND 1801 ADMIN, LLC, DEBTORS-IN-POSSESSION**
**AND (II) GRANTING RELATED RELIEF**

Domus BWW Funding, LLC (the "Domus Debtor") and 1801 Admin, LLC (the "1801

Debtor" and together with the Domus Debtor, the "Debtors"), the debtors and debtors in possession

in the above captioned chapter 11 cases, having:

    a.    filed the Amended Joint Plan of Reorganization proposed by Domus BWW
Funding, LLC and 1801 Admin, LLC dated  December 21, 2023 [D.I. 485]
(including all exhibits and schedules thereto and as amended, modified, or
supplemented from time to time, the "Solicitation Plan") filed on December 21,
2023, and as revised pursuant to the Modified Amended Joint Plan of
Reorganization (with technical modifications) proposed by Domus BWW Funding,
LLC and 1801 Admin, LLC dated March 15, 2024 (together with all exhibits,
schedules and attachments thereto) (the "Modified Plan") [D.I. 563, 569], filed on
March 15, 2024, the redline comparison of the Modified Plan marked to the
Solicitation Plan [D.I. 563-1], the Notice of Filing of Plan Supplement [D.I. 551]
and Exhibits A through E attached thereto (the "Initial Plan Supplement") filed on
February 22, 2024, as amended by the Notice of Filing Amended Exhibit D to the
Plan Supplement, Exhibit D-1 [D.I. 574] and, the redline comparison as Exhibit D-
2 [D.I. 574, pg. 6 ] (the "Amended Exhibit D to Plan Supplement" and together with
the Initial Plan Supplement, the "Plan Supplement") filed on March 28, 2024, (as
each may be further amended, supplemented or modified in accordance with the
terms thereof), and together the Modified Plan and the Plan Supplement are
collectively referred to as the "Plan");[1]

    b.    filed the Third Amended Disclosure Statement with respect to the Amended Joint
Plan of Reorganization [D.I. 528] on January 31, 2024 and, as so revised and

---

[1] The terms of the Plan, as amended or modified, are incorporated into this Confirmation Order as if fully set forth
herein.  Capitalized terms not otherwise defined herein shall have the meanings assigned in the Plan.

supplemented for solicitation purposes the "Solicitation Disclosure Statement" [D.I. 532] filed on February 1, 2024 (together, the "Disclosure Statement");

The United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court") having:

c.    entered the Order (I) Approving the Disclosure Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief (the "Disclosure Statement Order" and, at times, also referred to as the "Solicitation Procedures Order") [D.I. 531] dated February 1, 2024; and

d.    approved, pursuant to the Disclosure Statement Order, among other things, (i) the Disclosure Statement, and (ii) the transmission to holders of Claims against the Debtors' Estates of the Solicitation Plan, the Disclosure Statement, the Solicitation Procedures, and related notices, forms, and Ballots in compliance with chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Bankruptcy Rules of the Court (the "Local Rules");

The Debtors having:

e.    timely and properly solicited the Plan and Disclosure Statement and provided due notice of the Confirmation Hearing in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Disclosure Statement Order, as evidenced by, among other things, the Certificate of Service [D.I. 545] filed on February 8, 2024, and the Certificate of Service [D.I. 546] filed on February 8, 2024, (together, the "Solicitation Certificates of Service");

f.    timely and properly filed and served Notice of Filing of Plan Supplement on February 22, 2024 [D.I. 551], the Initial Plan Supplement and Notice of Filing Amended Exhibit D to Plan Supplement on March 28, 2024 [D.I. 574];

g.    filed, on March 15, 2024, the Notice of Filing of Modified Plan (with technical modifications) and redlined comparisons of the Modified Plan to the Solicitation Plan [D.I. 564] and filed on March 22, 2024, the Notice of ERRATA regarding the cover page to Modified Plan and redlined comparison of cover page of the Modified Plan [D.I. 569];

h.    caused notice of the Confirmation Hearing to be served as required by the Disclosure Statement Order on February 2, 2024 [D.I. 534] (the "Confirmation Hearing Notice");

i.    caused notice of the summary of plan treatment, discharge, exculpation and injunction provisions of the Plan related to exculpation, the Confirmation Hearing

2

and the deadline to object to the Plan to be served on the holders of unclassified claims and holders of unimpaired claims (non-voting claimants) presumed to have accepted the Plan (the "Notice of Non-Voting Status") [D.I. 535], as evidenced by the Solicitation Certificates of Service;

j.      submitted the Report of Plan Voting prepared by Karalis PC ("KPC") regarding the solicitation of votes and tabulation of Ballots cast with respect to the Plan [D.I. 565] (the "Report of Plan Voting");

k.      filed on March 28, 2024, the Debtors' (I) Memorandum of Law in Support of Confirmation of the Plan and (II) Reply to Plan Confirmation Objections filed by GB-SP Holdings LLC, directly, and derivatively on behalf of Bridgestreet Worldwide, Inc. and Donal Kinsella (together the "Kinsella Plaintiffs" [D.I. 575] (the "Confirmation Brief"); and

l.      filed on March 28, 2024, the Expert Report of Stephen J. Scherf with respect to confirmation of the Plan (the "Scherf Report") [D.I. 577];

m.      filed on March 28, 2024, the declaration of Randall R. Schultz in Support of Confirmation of the Plan [D.I. 576] (the "Confirmation Hearing Declaration").

The Court having:

n.      found that the Confirmation Hearing Notice, and the opportunity for any party in interest to object to Confirmation of the Plan, and the discharge, exculpation, and injunctions therein, have been adequate and appropriate under the circumstances and no further notice is required;

o.      held a Confirmation Hearing on April 3, 2024; and

p.      considered the entire record of the Confirmation Hearing, including, but not limited to,

1.      the Plan, as modified (including, without limitation, by the Plan Supplement), the Disclosure Statement, and the Disclosure Statement Order,

2.      the Solicitation Certificates of Service and Report of Plan Voting,

3.      the Confirmation Hearing Notice and the Notice of Non-Voting Status;

4.      the objection of the Kinsella Plaintiffs (the "Kinsella Objection") [D.I. 562];

5.      the Scherf Report;

6.      the Confirmation Hearing Declaration, the Debtors' trial exhibits D-1 through D-19, and any other evidence submitted in support of Confirmation, and the compromises and settlements embodied in and contemplated by the Plan,

7.      the Confirmation Brief, and

8.      arguments of counsel and the evidence proffered, adduced, and/or presented in connection with the Confirmation Hearing; and

after due deliberation and sufficient cause appearing therefor, the Court hereby finds and determines as follows:[2]

A.      **Jurisdiction and Venue.** This Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Eastern District of Pennsylvania, dated as of November 8, 1990. The Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be approved and confirmed. Venue of these proceedings and the Chapter 11 Cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and this Court may enter a final order hereon under Article III of the United States Constitution.  The statutory predicates for Confirmation of the Plan are sections 105(a), 363, 365, 1123, 1124, 1129, and 1146(a) of title 11 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002, 6004, 6006 and 9019.

B.      **Eligibility for Relief**. The Debtors were and are entities eligible for relief under section 109 of the Bankruptcy Code.

---

[2] The findings of fact and conclusions of law set forth herein constitute findings of fact and conclusions of law in accordance with Federal Rule of Civil Procedure 52, made applicable in contested matters by Bankruptcy Rules 7052 and 9014(c). To the extent that any of the findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the conclusions of law constitute findings of fact, they are adopted as such.

C.    **Plan Supplement**. The Plan Supplement and Plan Supplement Notice complies with the Bankruptcy Code and the terms of the Plan, and the filing and notice of such documents were proper and in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Disclosure Statement Order. No other or further notice is or will be required with respect to the Plan Supplement. The Plan Supplement documents (substantially in the forms included in the Plan Supplement) are integral to, part of, and incorporated by reference into, the Plan. The Plan and the various documents set forth in the Plan Supplement provide adequate and proper disclosures and means for the implementation of the Plan.

D.    **Adequate Notice.** All necessary service and notice with respect to Confirmation of the Plan, including all exculpations and injunctions thereunder, on all known and unknown creditors and other parties in interest was adequate and sufficient under the circumstances of the Chapter 11 Cases and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice is necessary or shall be required.

E.    **Solicitation**. As evidenced by the Solicitation Certificates of Service and the Report of Plan Voting, transmittal and service of the solicitation materials required by the Disclosure Statement Order was timely, adequate, appropriate, and sufficient under the circumstances. The solicitation of the Holders of Claims against and Interests in the Debtors was conducted in good faith and complied with the Bankruptcy Code, including sections 1125 and 1126 thereof, the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, the Local Rules, and all other applicable non-bankruptcy rules, laws, and regulations. Accordingly, no further notice is required, and the Debtors and their officers, directors, advisors, professionals, and agents are entitled to the benefits and protections afforded by section 1125(e) of the Bankruptcy Code. The period during

which the Debtors solicited acceptances or rejections to the Plan was a reasonable and sufficient period of time for each Holder entitled to vote to make an informed decision to accept or reject the Plan.

      F.      **Voting**.

      1.      With respect to the Domus Debtor, as described in the Report of Plan Voting, (a) Class 2A (Ongoing General Unsecured Claims) and Class 2B (Other General Unsecured Litigation Claims), which are Impaired and entitled to vote on the Plan, have voted to accept the Plan in both the numbers and amounts required by section 1126 of the Bankruptcy Code. Class 1 (Other Priority Claims), Class 3 (Convenience Claims) and Class 4 (Equity Interests) in the Domus Case, each of which is unimpaired, are deemed to have accepted the Plan pursuant to § 1126(f) of the Bankruptcy Code. Accordingly, all impaired Classes of Claims have voted to accept the Plan and all unimpaired Classes of Claims and Interests are presumed to have accepted the Plan.

      2.      With respect to the 1801 Debtor, as described in the Report of Plan Voting (a) Class 2A (Ongoing General Unsecured Claims), which is impaired, voted to accept the Plan, Class 2B (Other General Unsecured Litigation Claims), which is Impaired voted to reject the Plan. Class 1 (Other Priority Claims), Class 3 (Convenience Claims) and Class 4 (Equity Interests) in the 1801 Case, each of which is unimpaired, are deemed to have accepted the Plan pursuant to § 1126(f) of the Bankruptcy Code. Except for the 1801 Class 2B Claims, the other impaired Class of Claims has voted to accept the Plan and all unimpaired Classes of Claims and Interests are presumed to have accepted the Plan.

      3.      All procedures used to tabulate the Ballots were fair, reasonable, and conducted in accordance with the applicable provisions of the Disclosure Statement Order, the

Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable non-bankruptcy rules, laws, and regulations.

G.  **Sections 1122 and 1123 of the Bankruptcy Code**.  The Plan satisfies the requirements of sections 1122 and 1123:

1.  The Plan satisfies the requirements of Sections 1122(a), 1123(a)(1), 1123(a)(2), and 1123(a)(3) of the Bankruptcy Code in that Article II of the Plan provides for the separate classification of Claims and Interests into six Classes,[3] and valid business, factual, and legal reasons exist for the separate classification of such Classes of Claims and Interests. The classification scheme contained in the Plan does not reflect any improper purpose and does not unfairly discriminate between, or among, holders of Claims or Interests. Each Class of Claims and Interests contains only Claims or Interests that are substantially similar to the other Claims or Interests within that Class;

2.  The Plan satisfies the requirements of section 1123(a)(4) of the Bankruptcy Code. The Plan provides for the same treatment by the Debtors for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest;

3.  The Plan satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code.  Article V of the Plan and the other provisions of the Plan, as well as the exhibits and schedules to the Plan, the various documents and agreements set forth in the Plan Supplement, and the terms of this Confirmation Order provide adequate and proper means for the implementation of the Plan;

---

[3] Class 5 (Subordinated Claims) is vacant and in accordance with Article IV.G of the Disclosure Statement and Article II.D of the Plan, eliminated from the Plan for purposes of voting to accept or reject the Plan, and disregarded for purposes of determining whether the Plan satisfies section 1129(a)(8) of the Bankruptcy Code with respect to that Class.

4.    Section 1123(a)(6) of the Bankruptcy Code is not applicable here as the Debtors are not issuing any publicly traded securities under the Plan;

5.    In accordance with section 1123(a)(7) of the Bankruptcy Code, the Plan contains only provisions that are consistent with the interests of creditors, equity security holders and with public policy with respect to the manner of selection of officers and directors who are expected to serve, on and after the Effective Date, as the officers and directors of the Reorganized Debtors;

6.    Neither Debtor is an individual.  Accordingly, section 1123(a)(8) of the Bankruptcy Code is not implicated by the Plan; and

7.    In accordance with section 1123(b) of the Bankruptcy Code, the Plan includes only provisions that are not inconsistent with applicable provisions of the Bankruptcy Code.

H.    **Section 1129 of the Bankruptcy Code**.  The Plan satisfies the requirements of section 1129:

1.    In accordance with section 1129(a)(1) of the Bankruptcy Code, the Plan properly identifies the Debtors as the Plan proponents and complies with all applicable provisions of the Bankruptcy Code and applicable law;

2.    In accordance with section 1129(a)(2) of the Bankruptcy Code, the Debtors have complied with all applicable provisions of the Bankruptcy Code, including, without limitation, sections 1125 and 1126 and Bankruptcy Rules 3017, 3018 and 3019;

3.    In accordance with section 1129(a)(3) of the Bankruptcy Code, the Plan has been proposed in good faith and not by any means forbidden by law.  Consistent with the overriding purposes of Chapter 11 of the Bankruptcy Code, the Plan enables holders of Allowed Claims to

realize reasonable recoveries under the circumstances.  In so finding, the Court has considered the totality of the circumstances of these Chapter 11 Cases. The Plan is the result of extensive, good faith, arm's length negotiations among the Debtors, their creditors, stakeholders, and their other constituencies. The Plan is and shall be deemed a good-faith compromise and settlement of all Claims, Interests, and controversies relating to the contractual, legal, and subordination rights that a Holder of a Claim or Interest may have with respect to any Allowed Claim or Interest or any distribution to be made on account of such Allowed Claim or Interest;

4.      In accordance with section 1129(a)(4) of the Bankruptcy Code and Article III of the Plan, any payments made or promised by the Debtors or by any person acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, have been disclosed to the Court and approved by the Court as reasonable.  If any such payment is to be made to a professional retained pursuant to order of this Court and such payment is to be fixed after Confirmation of the Plan for pre-Effective Date services, such payment is subject to approval of the Court as reasonable, pursuant to sections 330 and 331 of the Bankruptcy Code;

5.      The Debtors have disclosed the identities of the individuals proposed to serve, from and after the Effective Date, as the officers and directors of the Reorganized Debtors, thereby satisfying section 1129(a)(5) of the Bankruptcy Code.  Exhibit D to the Plan Supplement, as amended, identifies the Reorganized Debtors' officers and directors;

6.      The Plan does not contain any rate changes subject to the jurisdiction of any governmental regulatory commission, thus satisfying section 1129(a)(6);

7.      In accordance with section 1129(a)(7) of the Bankruptcy Code, with respect to each impaired class of claims or equity interests, each holder of a Claim or Equity Interest in

such Class has accepted or is deemed to have accepted the Plan, or will receive or retain under the

Plan on account of such Claim or Equity Interest, property of a value, as of the Effective Date of

the Plan, that is not less than the amount such holder would so receive or retain if the Debtors were

liquidated on the Effective Date under chapter 7 of the Bankruptcy Code;

       8.     The Plan with respect to the Domus Debtor complies with section 1129(a)(8)

because all impaired classes have accepted the Plan;

       9.     Class 2B of the Plan with respect to the 1801 Debtor does not comply with

section 1129(a)(8) because Class 2B did not accept the Plan;

       10.    The Plan complies with the requirements of section 1129(a)(9), which

provides for the payment of priority claims.  Class 1 of the Plan (Other Priority Claims) provides

that Allowed Class 1 Claims shall be paid in accordance with the priorities set forth in the

Bankruptcy Code on the Effective Date.  Article III.D (Priority Tax Claims) provides that Allowed

Priority Tax Claims will be paid as soon as practicable, on the later of the (i) Effective Date, or (ii)

first Business Day after the date that is 30 days after the date such Priority Tax Claim becomes an

Allowed Priority Tax Claim;

       11.    In accordance with section 1129(a)(10) of the Bankruptcy Code, at least one

Class of Claims that is impaired under the Plan has accepted the Plan determined without including

any acceptance of the Plan by an "insider" holding a Claim in such Class.  As set forth in the Report

of Plan Voting, the Plan has been accepted by impaired Classes of Claims, Class 2A and Class 2B

in the Domus Debtor's case, and impaired Class 2A in the 1801 Debtor's case;

       12.    The Plan satisfies section 1129(a)(11) of the Bankruptcy Code because

Confirmation of the Plan is not likely to be followed by liquidation or the need for further financial

reorganization of the Reorganized Debtors.   The Plan is therefore feasible;

13.     In accordance with section 1129(a)(12) of the Bankruptcy Code, <u>Article XI.N</u> of the Plan provides for the payment on or before the Effective Date of all accrued statutory fees.  After the Effective Date, all required statutory fees will be paid as set forth in the Plan.  The Plan thus complies with the requirements of section 1129(a)(12);

14.     Section 1129(a)(13) requires that a plan provide for the continuation of retiree benefits, within the meaning of section 1114 of the Bankruptcy Code, for the duration of the period that the debtor is obligated to provide such benefits.  The Debtors have no retiree obligations, and accordingly section 1129(a)(13) is inapplicable;

15.     Sections 1129(a)(14) and (15) of the Bankruptcy Code impose certain requirements on individual chapter 11 debtors.  The Debtors are not individuals.  Accordingly, sections 1129(a)(14) and (15) of the Bankruptcy Code are not implicated by the Plan;

16.     Section 1129(b)(1) does not apply to the Domus Debtor in the context of the Plan because section 1129(a)(8) has been satisfied by the consent of all impaired classes to the Plan;

17.     Section 1129(b)(1) does apply to the 1801 Debtor in the context of the Plan because Class 2B in the 1801 Debtor's case did not accept the Plan and therefore section 1129(a)(8) has not been satisfied as to Class 2B in the 1801 Debtor's case;

18.     In accordance with section 1129(b)(1) of the Bankruptcy Code, the Plan does not discriminate unfairly, and is fair and equitable, with respect to the 1801 Debtor's Class 2B that is impaired under, but has not accepted, the Plan;

a.     The Expert Report of Stephen J. Scherf introduced and admitted into evidence on the record of the Confirmation Hearing reflects the value of the Class 4 equity interests being retained in the 1801 Debtor case by the holders of interests in Class 4, which is junior to Class 2B, is at zero;

11

b.      As of the Confirmation Hearing, the Kinsella Plaintiffs' Class 2B

Claims filed against both Debtors are contingent, disputed and unliquidated;

c.      As of the Confirmation Hearing, the value of the Net Proceeds from

the Adversary Proceeding (determined as set forth in Article IV.O of the Plan) which under the Plan

will be distributed on a Pro-Rata basis to holders of Allowed Class 2B claims is undetermined;

19.    The 1801 Debtor believes that in accordance with section 1129(b)(2)(B)(i)

of the Bankruptcy Code, the Plan provides that the holder of an Allowed Class 2B Claim in the

1801 Debtor's case may receive on account of such claim property of a value, as of the Effective

Date, equal to the Allowed amount of such Claim;

20.    The 1801 Debtor also believes the new value exception to section

1129(b)(2)(B)(ii) of the Bankruptcy Code is satisfied in that the value of the Equity Security

Holders Contribution to the 1801 Debtor on the Effective Date, in the amount of $30,000 in cash,

is a contribution that is (a) new, (b) money or money's worth, (c) reasonably equivalent to the value

of the interest being retained by the junior Class 4 Equity Interests in the 1801 Debtor, (d) necessary

for a successful reorganization, and (e) substantial under the facts and context of the 1801 Debtor's

case.  Therefore, the 1801 Debtor's Plan can be confirmed under section 1129(b) of the Bankruptcy

Code.

21.    Pursuant to section 1129(d) of the Bankruptcy Code, the principal purpose

of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the

Securities Act of 1933.

I.    **Exculpation**. The exculpation provisions set forth in Article IX.F of the Plan and

incorporated into this Confirmation Order are essential to the Plan. The record in the Chapter 11

Cases supports the exculpation provisions set forth in Article IX.F of the Plan, which are

appropriately tailored to protect the Exculpated Parties from unnecessary litigation and are consistent with established practice in this jurisdiction. The Exculpated Parties have, and upon Consummation of the Plan, shall be deemed to have, participated in good faith and in compliance with all applicable laws with regard to the distribution of recoveries under the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule or regulation governing the solicitation or distributions made pursuant to the Plan as and to the extent provided for in the Plan.

J.      **Permanent Injunctions**.    The   injunction   provisions   set   forth   in Article IX.G of the Plan are essential to the Plan. The injunction provisions are necessary for the implementation of the Plan and to preserve and enforce the discharge and the exculpation provisions in Article IX of the Plan. The injunction provisions are fair and reasonable and are appropriately tailored to achieve those purposes.

K.      **Objections**. All parties have had a full and fair opportunity to litigate all issues raised in the objections to Confirmation of the Plan, or which might have been raised, and the objections have been fully and fairly litigated or resolved or overruled.

L.      **Plan Modifications.** The amendments and modifications to the Solicitation Plan since the filing thereof, including as reflected herein, and incorporated into and reflected in the Plan, are approved in accordance with section 1127(a) of the Bankruptcy Code and Rule 3019(a) of the Bankruptcy Rules.

M.      **Assumption and Rejection of Executory Contracts and Unexpired Leases.** The Debtors' assumption, assumption and assignment, or rejection of each executory contract and unexpired lease under the Plan satisfies the requirements of section 365(b) of the Bankruptcy Code and, therefore, the requirements of section 1123(b)(2) of the Bankruptcy Code.

N.      **Injunctions and Releases.**  The Court, having considered the Confirmation of the Plan, finds and determines that all such provisions are consistent with the provisions of the Bankruptcy Code. The injunctions as set forth in <u>Article IX</u> of the Plan shall be in full force and effect on and after the Effective Date, and shall not be subject to any additional exceptions or limitations.

O.      **Conditions Precedent to Confirmation.**   The conditions precedent to Confirmation set forth in <u>Article VIII.A</u> of the Plan have either been satisfied or waived.

P.      **Satisfaction of Confirmation Requirements**.  Based on the foregoing, the Plan satisfies the requirements for Confirmation set forth in section 1129 of the Bankruptcy Code.  The Debtors, as the proponents of the Plan, have met their burden of proving the applicable elements of (a) section 1129(a) of the Bankruptcy Code for the Domus Debtor and (b) section 1129(b) of the Bankruptcy Code for the 1801 Debtor by preponderance of the evidence, which is the applicable evidentiary standard for Confirmation of the Plan.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      **Objections Overruled.**  The Kinsella Objection, along with any and all other objections, if any, with regard to the relief sought in this Confirmation Order that have not been withdrawn, waived, settled, or otherwise resolved as expressly provided herein or on the record at the Confirmation Hearing are hereby OVERRULED and DENIED on the merits, with prejudice. All objections to the entry of this Confirmation Order or to the relief granted herein that were not timely filed are hereby forever barred.

2.      **Confirmation.**  As set forth in this Confirmation Order, all requirements for the Confirmation of the Plan have been satisfied. Accordingly, the Plan, as modified by this Confirmation Order, in its entirety, is **CONFIRMED** pursuant to section 1129 of the Bankruptcy

Code. Any failure to specifically describe, include, or refer herein to any particular article, section, or provision of the Plan (or any Plan Document) in this Confirmation Order shall not diminish or impair the effectiveness of such article, section, or provision, it being the intent of the Court that the Plan (including all Plan Documents) be approved and confirmed in its entirety. The Plan complies with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

3.   **Implementation of the Plan.** Pursuant to sections 364 and 1123(a)(5)(D) of the Bankruptcy Code, on or prior to the Effective Date, or as soon thereafter as is reasonably practicable, the Debtors or Reorganized Debtors, as applicable, and any applicable non-Debtor parties, may take all actions as may be necessary or appropriate to affect any transaction described in, approved by, contemplated by, or necessary to implement the provisions of the Plan. All Persons are prohibited from taking any action to adversely affect or interfere with the Debtors, Reorganized Debtors, and any applicable non-Debtor parties to any transaction described in, approved by, contemplated by, or necessary to implement the provisions of the Plan.

4.   **Professional Fee Claims.** As set forth in Article III.C.1 of the Plan, all Professionals or other Persons requesting the final Allowance and payment of compensation and/or reimbursement of expenses pursuant to sections 328, 330, 331 and/or 503(b) for services rendered during the period from the Petition Date to and including the Effective Date shall file and serve final applications for Allowance and payment of Professional Fee Claims on counsel to the Debtors and the United States Trustee no later than the first Business Day that is forty-five (45) days after the Effective Date. Objections to any Professional Fee Claim must be filed and served on Reorganized Debtors and the applicable Professional within fourteen (14) calendar days after the filing of the final fee application that relates to the Professional Fee Claim (unless

otherwise agreed by the Debtors or Reorganized Debtors, as applicable, and the Professional requesting Allowance and payment of a Professional Fee Claim).

5. **Modifications to the Plan.** All modifications made to the Plan and Plan Documents following the solicitation of votes thereon satisfy the requirements of section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 and do not adversely affect the treatment of any Claims and, accordingly, neither require additional disclosure under section 1125 of the Bankruptcy Code, nor re-solicitation of votes on the Plan under section 1126 of the Bankruptcy Code, nor do they require that holders of Claims be afforded an opportunity (or, for some, a further opportunity) to change previously cast acceptances or rejections of the Plan.

6. **Effectuating Documents and Further Transactions.** The officers of the Debtors are authorized to execute, deliver, file or record such contracts, instruments, releases, indentures, and other agreements or documents and take or direct such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan in the name of and on behalf of Reorganized Debtors, without the need for any approvals, authorizations, actions, or consents except for those expressly required pursuant to the Plan.

7. **Executory Contracts and Unexpired Leases.** Entry of this Confirmation Order shall constitute approval of the assumption or rejection, as applicable, of Executory Contracts or Unexpired Leases pursuant to the Plan, pursuant to sections 365 and 1123 of the Bankruptcy Code and as set forth in the Plan. Each Executory Contract or Unexpired Lease assumed pursuant to the Plan or a Final Order of the Court shall re-vest in and be fully enforceable by Reorganized Debtors in accordance with its terms, except as such terms may have been modified by the provisions of the Plan, this Confirmation Order, or any Final Order of the Court authorizing and providing for its assumption.

8.      **Rejection Damages Claims.** Pursuant to <u>Article V.B</u> of the Plan, except as otherwise ordered by the Court, all Proofs of Claim for Rejection Damages Claims, if any, shall be filed within thirty (30) days after the latest to occur of: (1) the date of entry of an order of the Bankruptcy Court (including this Confirmation Order) approving such rejection; (2) the effective date of the rejection of such Executory Contract or Unexpired Lease; or (3) the Effective Date (as applicable, the "<u>Rejection Damages Bar Date</u>").

9.      **Exit Financing**.  The Court hereby (a) approves the Exit Financing to be advanced to the Reorganized Debtors by Domus BWW Investments II-A, LLC or its designee (the "<u>Exit Lender</u>") substantially in accordance with the Exit Loan and Litigation Funding Term Sheet attached as Exhibit E to the Plan Supplement, and (b) authorizes the Debtors and Reorganized Debtors, as applicable, without further notice to or action, order, or approval of this Court and without the need for any further corporate or shareholder action, to enter into, deliver, and fully perform their respective obligations under the Exit Facility Documents.  Upon entry of this Confirmation Order, the Debtors and Reorganized Debtors, as applicable, are authorized and empowered, without further approval of the Court or any other party, to take such actions and perform such acts as may be necessary, convenient, desirable, or appropriate to execute and deliver the Exit Facility Documents, and to execute and deliver all documents relating thereto, and to perform all of their obligations thereunder.  On the Effective Date, the Exit Facility Documents shall constitute legal, valid, binding, and authorized obligations of Reorganized Debtors, enforceable in accordance with their terms, and such obligations shall not be enjoined or subject to discharge, impairment, release, avoidance, recharacterization, or subordination under applicable law, the Plan, or this Confirmation Order. On the Effective Date, all Liens and security interests granted pursuant to, or in connection with, the Exit Facility Documents shall (i) be

ratified by the Reorganized Debtors and continue in full force and effect pursuant to the Exit

Facility Documents, and (ii) be deemed granted by the Reorganized Debtors pursuant to the Exit

Facility Documents and this Confirmation Order. On the Effective Date, all Liens and security

interests granted pursuant to, or in connection with the Exit Facility Documents (1) shall be valid,

binding, perfected, enforceable Liens and security interests in all the assets and property of the

Reorganized Debtors subject to the Exit Facility Documents, and (2) shall not be enjoined or

subject to discharge, impairment, release, avoidance, recharacterization, or subordination under

any applicable law, the Plan, or this Confirmation Order.

17.    **Corporate Action.** As of the Effective Date, all actions contemplated by the Plan

that require corporate action of the Debtors, or either of them, and execution of all documentation

incident to the Plan, shall be deemed to have been authorized, approved, and, to the extent taken

prior to the Effective Date, ratified in all respects without any requirement of further action by

the Bankruptcy Court, members, officers, or directors of the Debtors, Reorganized Debtors, or

any other Person.

18.    **Cancellation of Liens.** Except as otherwise provided in the Plan, on the Effective

Date, any Lien securing any Allowed Secured Claim (other than a Lien securing the Exit

Financing) shall be deemed released and the holder of such Allowed Secured Claim shall be

authorized and directed to release any collateral or other property of any Debtor held by such

holder and to take such actions as may be requested by the Debtors (or Reorganized Debtors, as

the case may be) to evidence the release of such Lien, including the execution, delivery, and filing

or recording of such releases as may be requested by the Debtors (or Reorganized Debtors, as the

case may be).  A copy of this Confirmation Order may be filed with the appropriate clerk and/or

recorded in order to cancel any Liens, although such recordation shall not be required in order to effectuate the provisions of the Plan.

19.     **Approval of Injunctions, and Exculpations**.   As set forth below in this Confirmation Order, the discharge, settlements, injunctions, and exculpations set forth in the Plan, including those set forth in Article IX thereof, (i) are appropriate and consistent with the Bankruptcy Code and applicable law, (ii) are hereby approved and authorized in all respects, and (iii) shall be immediately effective and binding on all Persons and Entities on and after the Effective Date, to the extent provided in the Plan, without further order or action of this Court or any other party.

20.     **Post-Confirmation Interim Injunctions and Stays.** As set forth in Article IX.D of the Plan:

**All Injunctions and stays arising under or entered during the Chapter 11 Cases, whether under sections 105 or 362 of the Bankruptcy Code or otherwise, and in existence on the Confirmation Date shall remain in full force and effect until the Effective Date.**

21.     **Discharge of the Debtors.**  As set forth in Article IX.E. I of the Plan:

**Except as expressly provided in the Plan or the Confirmation Order, the treatment of Claims under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, termination and release of, all Claims and Interests of any nature whatsoever against or in the Debtors or any of their assets or properties based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date, and, as of the Effective Date, each of the Debtors shall be deemed discharged and released, and each holder of a Claim or Interest and any successor, assign, and affiliate of such holder shall be deemed to have forever waived, discharged and released each of the Debtors, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all Claims, Interests, rights and liabilities, and all debts of the kind specified in section 502 of the Bankruptcy Code, based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date, in each case whether or not (a) a Proof of Claim based upon such debt is filed or deemed filed under section 501 of the Bankruptcy Code, (b) a Claim based upon such debt is Allowed under section 502 of the Bankruptcy Code, (c) a Claim based upon such**

debt is or has been Disallowed by order of the Bankruptcy Court, or (d) the holder of a Claim based upon such debt is deemed to have accepted the Plan. For the avoidance of doubt, the Debtors' discharge under the Plan does not impair or in any way alter the Kinsella Plaintiffs' direct or derivative claims asserted against non-debtor parties in the Kinsella Litigation.

22.  **Injunction related to Discharge.** As set forth in <u>Article IX.E.2</u> of the Plan:

From and after the Effective Date, except as expressly provided in the Plan or the Confirmation Order, all holders of Claims or Interests of any nature whatsoever against or in the Debtors or any of their assets or properties based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date that are discharged pursuant to the terms of the Plan shall be precluded and permanently enjoined from taking any of the following actions on account of, or on the basis of, such discharged Claims and Interests: (a) commencing or continuing any action or other proceeding of any kind against the Debtors, Reorganized Debtors, or its or their respective property; (b) enforcing, attaching, collecting, or recovering by any manner or means of judgment, award, decree or other against the Debtors, Reorganized Debtors, or its or their respective property; (c) creating, perfecting or enforcing any Lien or Encumbrance of any kind against the Debtors, Reorganized Debtors, or its or their respective property; or (d) commencing or continuing any judicial or administrative proceeding, in any forum and in any place in the world, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order. The foregoing injunction shall extend to the successors and assigns of the Debtors (including Reorganized Debtors) and its and their respective properties and interests in property. In accordance with the foregoing, except as expressly provided in the Plan or the Confirmation Order, the Confirmation Order shall be a judicial determination of discharge or termination of all Claims, Interests and other debts and liabilities against or in the Debtors pursuant to sections 105, 524 and 1141 of the Bankruptcy Code, and such discharge shall void any judgment obtained against the Debtors at any time to the extent such judgment relates to a discharged Claim or Interest.

23.  **Exculpation.** As set forth in <u>Article IX.F</u> of the Plan:

From and after the Effective Date, none of the Exculpated Parties shall have or incur any liability to, or be subject to any right of action by, any Person for any act, omission, transaction, event, or other circumstance occurring on or after the Petition Date up to and including the Effective Date in connection with, relating to or arising out of the Chapter 11 Cases, the negotiation of the Plan Documents, the Releases and Injunctions, the pursuit of Confirmation of the Plan, the administration, consummation and implementation of the Plan or the property to be Distributed under the Plan, or the management or operation of the Debtors (except for any liability that results primarily from such Exculpated Party's gross negligence, bad faith, willful misconduct, or fraud).

**In all respects, each and all such Exculpated Parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under, or in connection with, the matters referenced in the preceding sentence.**

24.    **Injunction Related to Exculpation**.  As set forth in Article IX.G of the Plan:

**As of the Effective Date, all holders of Claims that are the subject of Article IX.F are, and shall be, expressly, conclusively, absolutely, unconditionally, irrevocably, and forever stayed, restrained, prohibited, barred and enjoined from taking any of the following actions against any Exculpated Party on account of or based on the subject matter of such Claims, whether directly or indirectly, derivatively or otherwise: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including any judicial, arbitral, administrative or other proceeding) in any forum; (b) enforcing, attaching (including any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (c) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien or Encumbrance; and/or (d) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation that is discharged under Article IX.E or exculpated under Article IX.F; provided, however, that the injunctions set forth in this Article IX.G shall not, and shall not be construed to, enjoin any Person that is the subject of Article IX.F from taking any action arising out of, or related to, any act or omission of a Exculpated Party that is a criminal act or that constitutes fraud, gross negligence or willful misconduct.**

25.    **Notice of Confirmation Date and Effective Date.** The Debtors shall serve notice of the entry of this Confirmation Order on (a) all known creditors and interest holders, and (b) those other parties on whom the Plan, Disclosure Statement, and related documents were served, in the same or similar manner as service of solicitation.  Such service constitutes adequate and sufficient notice pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c). This notice, in the Debtors' discretion, may be combined with the Notice of Effective Date (as defined below).  On the Effective Date, or as soon thereafter as is reasonably practicable, the Debtors shall file with the Court a "Notice of Effective Date" (the "Notice of Effective Date") and shall mail or cause to be mailed by first-class mail to holders of Claims a copy of the Notice of Effective Date.

26.     ___*Vacatur* of this Confirmation Order; Non-Occurrence of Effective Date.___ If this Confirmation Order is vacated, or if the Effective Date does not occur within 180 days after entry of this Confirmation Order (subject to extension by the Debtors, which such extension shall be subject to the prior, written approval of the DIP Lender and the Exit Lender and, if extended, the Debtors shall file with the Court a notice of extension), the Plan shall be null and void in all respects, and nothing contained in the Plan or the Disclosure Statement shall (1) constitute a waiver or release of any Causes of Action by or Claims against or Interests in the Debtors or any Person; (2) prejudice in any manner the rights of the Debtors, any holders of a Claim or Interest or any other Person; (3) constitute an admission, acknowledgment, offer, or undertaking by the Debtors, any holders of a Claim or Interest, or any other Person in any respect; or (4) be used by the Debtors or any other Person as evidence (or in any other way) in any litigation, including with respect to the strengths and weaknesses of positions, arguments or claims of any of such parties.

27.     __Headings.__ The headings contained within this Confirmation Order are used for the convenience of the parties and shall not alter or affect the meaning of the text of this Confirmation Order.

28.     __Non-Severability of Plan Provisions.__ This Order shall constitute a judicial determination and provides that each term and provision of the Plan, as it may have been altered or interpreted in accordance with Article XI.E of the Plan, is (1) valid and enforceable pursuant to its terms, (2) integral to the Plan and may not be deleted or modified without the consent of the Debtors or Reorganized Debtors (as the case may be), and (3) non-severable and mutually dependent.

29.     **Service of Documents.** Any pleading, notice, request, demand, or other document required by the Plan to be served on the Debtors shall be served pursuant to the terms of Article XI.F of the Plan.

30.     **Governing Law.** Except to the extent that the Bankruptcy Code or other federal law is applicable, or to the extent an exhibit hereto or a schedule in the Plan Supplement or any other Plan Document provides otherwise, the rights, duties, and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the Commonwealth of Pennsylvania, without giving effect to the principles of conflict of laws thereof.

31.     **Final Order.** Notwithstanding Bankruptcy Rule 3020(e), this Confirmation Order is a final, appealable order and the period in which an appeal must be filed shall commence upon the entry hereof.

32.     **Conflicts with this Order; Controlling Document.** In the event of any conflict between the terms and provisions in the Plan (without reference to the Plan Supplement), on the one hand, and the terms and provisions in the Disclosure Statement, the Plan Supplement, any other instrument or document created or executed pursuant to the Plan, or any order (other than this Confirmation Order) referenced in the Plan (or any exhibits, schedules, appendices, supplements, or amendments to any of the foregoing), on the other hand, the Plan (without reference to the Plan Supplement) shall govern and control; *provided, however,* that in the event of a conflict between this Confirmation Order, on the one hand, and the Plan or any of the other Plan Documents, on the other hand, this Confirmation Order shall govern and control in all respects.

33.    **Bankruptcy Court Jurisdiction.**  Notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, except as otherwise provided in the Plan or herein, the Court retains exclusive jurisdiction over all matters arising from and relating to the Chapter 11 Cases, the Plan, and this Confirmation Order to the fullest extent permitted under the Bankruptcy Code.

**BY THE COURT:**

Dated: April 17, 2024

_____
ASHELY M. CHAN,
UNITED STATES BANKRUPTCY JUDGE